

*Issues & Appeals*

August 28, 2024

Molly C. Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Olson v. Unison Agreement Corporation*, No. 23-2835
Notice of Supplemental Authority *Greenberg v. Amazon.com, Inc.*, No. 101858-4, 2024 WL 3711070 (Wash. Aug. 8, 2024).

Dear Ms. Dwyer:

In *Greenberg v. Amazon*, the Washington Supreme Court reaffirmed the principle that the Washington Consumer Protection Act "reach[es] unfair … conduct that inventively evades regulation." 2024 WL 3711070, at *8 (quoting *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 895 (Wash. 2009)). When an "act or practice is not regulated by statute, the plaintiff needs to show only that the defendant's conduct is in violation of public interest," which a plaintiff can do "in a number of ways." *Id.* at *10.

For example, this test is met when "the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some common-law, statutory or other established concept of unfairness." *Id.* at *8, 10. The Olsons' complaint demonstrated that here. Opening Br. 39-47; Reply Br. 14-21. Similarly, a practice is unfair if "it is immoral, unethical, oppressive, or unscrupulous." *Greenberg*, 2024 WL 3711070, at *8. The Olsons' complaint showed that too. Opening Br. 46-47; Reply Br. 21-22.

Unison argues that the Olsons must show the practice causes "substantial injury … which is not reasonably avoidable." Unison Br. 44. But *Greenberg* reiterated that this is just one of "a number of ways" a practice can be unfair. 2024 WL 3711070, at *8, 10.

*Greenberg* also precludes Unison's attempt (at 50) to avoid CPA liability because of a bill that "has not been enacted," since this "reveals little about the intent of the legislature and should not generally be relied on." *Id.* at *15. The court further explained why its prior decision in *Schwab*, on which Unison relies, is particularly inapposite: In that case, the legislature declined to apply the CPA to the subject area of "landlord-tenant disputes" writ large. *Id.* Here, however, the legislature expressly applied the CPA and its prohibition on unfair practices to the subject area of the Consumer Lending Act



and its protections for homeowners. RCW § 31.04.208.

                                      Respectfully submitted,

                                      */s/ Thomas Scott-Railton*
                                      Thomas Scott-Railton*
                                      *Counsel for Plaintiffs-Appellants*

---

    * *Admitted in New York; practicing under direct supervision of members of the District of Columbia Bar under Rule 49(c)(8).*

Gupta Wessler LLP
**2001 K Street, NW, Suite 850 North, Washington, DC 20006**
**P** 202 888 1741    **F** 202 888 7792
guptawessler.com